United States District Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN RAY FERGUSON, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIV. NO. 7:21-cv-00400 |
| | § | |
| DR. MARCO GOMEZ, | § | |
| Y. CORTEZ, | § | |
| WARDEN F. GONZALEZ | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

Pending before the Court is Plaintiff's voluntary dismissal of his § 1983 claims against Defendants Dr. Marco Gomez, a Lopez Unit[1] staff member named Y. Cortez, and Warden F. Gonzalez. (Dkt. No. 5.) On October 15, 2021, Plaintiff, John Ray Ferguson, filed a complaint pursuant to 42 U.S.C. § 1983 alleging Defendants provided Plaintiff with inadequate medical care in violation of his Eighth Amendment rights ("Plaintiff's Motion"). (Dkt. No. 1 at 3-4.) After the undersigned informed Plaintiff of his payment options given the denial of his *in forma pauperis application*, Plaintiff filed for a voluntary dismissal. *See* Dkt. No. 3; Dkt. No. 4.

Accordingly, after reviewing the motions and relevant law, the undersigned recommends Plaintiff's Motion for Voluntary Dismissal be **GRANTED** and Plaintiff's 42 U.S.C. § 1983 civil rights complaint be **DISMISSED without prejudice**.

---

[1] At the time of Plaintiff's complaint, he was housed in the Reynaldo V. Lopez State Jail (the "Lopez Unit"), a state operated jail facility in Edinburg, Texas. *See* Dkt. No. 31 at 1; Correctional Institutions Division-State Operated State Jail, Texas Department of Criminal Justice, https://www.tdcj.texas.gov/unit_directory/rl.html (last visited December 7, 2021).

1

## I.   FACTS AND PROCEDURAL HISTORY

Petitioner is serving an eight-year sentence of imprisonment pursuant to a judgment for the offense of burglary of a habitation.[2]  Plaintiff filed a *pro se* claim pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.)  In it, Plaintiff alleged he told doctors he was in pain (caused by a hernia) and needed surgery, yet the doctors allowed the pain to go on for a year, and Plaintiff's grievances filed to Y. Cortez and Warden F. Gonzalez were ignored.  *Id.* at 4.  Specifically, Plaintiff's claim against Dr. Gomez is that he failed to give Plaintiff medical attention regarding his hernia for over a year.  *Id.* at 3.  Plaintiff's complaints against Y. Cortez and Warden F. Gonzalez are the same; Plaintiff alleges they ignored his grievances and failed to follow medical policies and procedures, allowing his pain to subsist for over a year.  *Id.*  Plaintiff requested the Court make Defendants "do surgery and have [his hernia] fixed" and provide Plaintiff with monetary damages in the amount of $700 per day for one year to compensate for his pain and suffering.  *Id.*

On October 18, 2021, the undersigned filed an Order Pertaining to Application to Proceed In Forma Pauperis. (Dkt. No. 3.)  In it, the undersigned advised Plaintiff that in lieu of Plaintiff's trust fund statement showing Plaintiff had a current balance of $1,310.03, total deposits over the past six months of $1,400.00, and an average balance of $2,412.38, Plaintiff's request to proceed *in forma pauperis* was denied.  *Id.* at 2.  The undersigned also ordered Plaintiff to pay the filing fee by December 2, 2021 to comply with the Order.  *Id.*  Plaintiff was given notice that if he did not wish to provide the filing fee, then Plaintiff could seek, among other options, voluntary dismissal of the action.  *Id.* at 3, ¶ 5.  Attached to the Order was a blank Motion for Voluntary Dismissal form.  (Dkt. No. 3-1.)

---

[2]   Offender   Information   Search,   Texas   Department   of   Criminal   Justice, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04112658 (last visited December 7, 2021).

Subsequently, on November 4, 2021, Plaintiff filed a Motion for Voluntary Dismissal. (Dkt. No. 4.) The document was signed and dated by Plaintiff on October 27, 2021. *Id.*

## II. VOLUNTARY DISMISSAL LAW & ANALYSIS

Pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(A)(i), a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *See* Fed. R. Civ. P. 41(a)(1)(B). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam) (*Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)). Additionally, "the district court may not attach any conditions to the dismissal." *Id.* (citing *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976)).

In this case, Defendants have not filed an answer or a motion for summary judgment. Further, since there are no notices stating otherwise, Plaintiff's dismissal should be without prejudice. And although no order or other action is required, a district court may file an order to close out such a case. Therefore, after reviewing the motions and relevant law, the undersigned recommends Plaintiff's Motion for Voluntary Dismissal be granted and Plaintiff's complaint be dismissed without prejudice.

## III. CONCLUSION

### *Recommended Disposition*

Based on the foregoing facts and after reviewing the motions and relevant law, the undersigned recommends Plaintiff's Motion for Voluntary Dismissal be **GRANTED** and Plaintiff's civil rights complaint be **DISMISSED without prejudice**.

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Report and Recommendation to Plaintiff.

DONE at McAllen, Texas, this 10th day of December, 2021.

Juan F. Alanis
United States Magistrate Judge